OVERTON, Justice.
The Florida Bar has petitioned the Court to amend the Florida Designation Plan. A “designated lawyer” under the plan is one who has attended the approved and structured continuing legal education courses for the requisite number of hours each year. The proposed changes: (1) allow these lawyers to display their designation in locations consistent with the Code of Professional Responsibility; (2) allow the use of the descriptive phrase “Qualified in (permitted area) under the Florida Designation Plan”; (3) allow indication of a lawyer’s designated area in the telephone directory yellow pages and other approved lists; and (4) amend the Bar’s public notice from a disclaimer to a positive definition of designation.
The Bar submits that the proposed changes will bring the designation plan in line with the recent amendments to the Code of Professional Responsibility concerning advertising and will enable designated lawyers to distinguish themselves from other lawyers who may now advertise generally under the code and Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). We agree that the proposed amendments are proper under Bates. They are approved and adopted as set forth in the appendix attached to this opinion. The entire Designation Plan, however, is subject to procedural restructuring so that it may properly interrelate with advertising and certification. See The Florida Bar Re Amendment to Integration Rule (Certification Plan), 399 So.2d 1385, (Fla.1981) (on rehearing).
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.
APPENDIX
Article XVII of the Bylaws under the Integration Rule is revised as follows. The use of struck-through type indicates deletions. Underscoring indicates new language.
Article XVII
FLORIDA DESIGNATION PLAN
Section 1. DESIGNATION OF AREAS OF PRACTICE. In--accordance with-the terms of this article, a member may publicly designate tho areas in which he practices law* A member may receive permission from The Florida Bar to publicly designate the areas in which he practices law if he has accumulated the experience and educational requirements set out in this article.
Section 2, SCOPE AND FUTURE DEVELOPMENT. The provisions-of this -article contain minimal-standards-designed to permit immediate designation of areas of practioe. The Board of Governors of The Florida Bar intends to study and monitor the plan and the operations thereunder to determine if modification and expansion is required in the interests of the public and the Bar. Standards of education and experience will be periodically reviewed and upgraded where necessary.
Section 3. AREAS OF PERMITTED DESIGNATION.
(a) A member in good standing of The Florida Bar may not designate an area of practice unless the area has been approved by the Board. The Board may approve a particular area of practice on its own mo *943 tion or upon the request of any member if it finds that the area:
(1) Has not already been approved under a different description;
(2) Is a generally accepted area of practice;
(3) Is described in dignified and ethically appropriate terms.
(b) The areas of practice which have already been approved are listed on Schedule A. Schedule A may be amended as frequently as necessary to add or delete areas approved by the Board.
(c) If a member wishes to designate an area which has not been approved by the Board, he shall include in his application for permission a request that the area of practice be approved. The Board shall consider the request before it takes action on the member’s application for permission.
Section 4. ELIGIBILITY FOR PERMISSION TO DESIGNATE AREAS OF PRACTICE.
(a) Except as provided in subsections (b), (c), and (d), a member in good standing of The Florida Bar may be eligible for permission to designate areas of practice if at the time he files his application: (1) he has been engaged in the practice of law for at least three years and during the three years preceding his application for permission he has had substantial experience in each area of practice listed in the application; and (2) he has accumulated at least the minimum amount of approved continuing legal education set out below in each area sought to be designated:
a. Ten hours if the application is filed on or before December 31, 1979.
b. Twenty hours if the application is filed on or after January 1, 1980, but not later than December 31, 1980.
c. Thirty hours if the application is filed on or after January 1, 1981.
(b) If the Board finds that a member who has not engaged in the practice of law in an area for three years preceding his application but has had postgraduate education or concentrated experience in a particular area of practice and the experience is equal to or greater than the experience he would have gained in that area from three years of practice, and he has accumulated the minimum amount of approved continuing legal education required under Section 4(a)(2), the Board may waive the requirement of Section 4(a)(1) and permit him to designate that area.
(e) If the Board finds that a member has had at least three years of substantial experience or postgraduate education in an area of practice and the experience or education is not unreasonably remote, but that due to extenuating circumstances the member has not had substantial experience in the area during the three years preceding his application, and the member has accumulated the minimum amount of approved continuing legal education required under Section 4(a)(2), the Board may waive the requirement of Section 4(a)(1) and permit him to designate that area.
(d) A member applying for permission to designate General Practice who has not been a member in good standing of The Florida Bar for the three years preceding his application but who has accumulated the minimum amount of approved continuing legal education required under Section 4(a)(2), may designate General Practice.
(e) A member shall not be eligible to designate more than three areas of practice at any one time.
Section 5. APPLICATION FOR DESIGNATION OF AREAS OF PRACTICE.
(a) A member who wishes to designate one or more areas of practice shall file with the Board an application for permission on a form to be specified by the Board. The application shall:
(1) List the area or areas the member wishes to designate;
(2) State facts sufficient to establish that the member is eligible to designate the areas listed;
(3) Contain a statement that to enhance his proficiency the member will continue his legal education in the areas he wishes to designate through private study or continu *944 ing legal education programs approved by the Board or by this court and other appropriate means approved by the court.
(b) When the application is filed, the member shall pay an application fee in an amount to be established by the Board not exceeding $30. The amount of the application fee shall not be affected by the number of areas designated. ■
Section 6. ACTION ON APPLICATIONS TO DESIGNATE AREAS OF PRACTICE.
The Board shall promptly consider and act upon all applications for permission to designate areas of practice. If it finds that' an applicant is eligible under Section 4 to designate one or more areas of practice, it shall issue a letter of permission authorizing the applicant to designate those areas. If it finds that an applicant is not eligible, it shall notify the applicant of its finding and reasons for it.
Section 7. MANNER OF DESIGNATION.
(a) A member having permission to designate areas of practice may do so by listing the areas on his letterhead, business cards; office door, in tho yellow pages of the telephone directory, in approved law lists, -and by other means approved by tho Board, in the manner and locations permitted under the Code of Professional Responsibility. Designations shall be made only by naming the permitted areas of practice. (For example, a permitted designation might be “John J. Jones, Admiralty and Trial Practice — General.” The following descriptive words, or phrases such as “-areas of practice)’-’ “practice limited to,” “specializing in” shall not be usod-except as authorized by the Board of publication in-approved law listfc is permitted: “Qualified in under the Florida Designation Plan.”
(b) Members having permission to designate areas- of practice may list their names and designated areas of practice in the -yellow pages-of telephone directories in one or both of- two permissible listings, an alphabetical listing of all lawyers and-listings-of lawyers under area of practice headings. In -the alphabetical listing there shall be included tho lawyer’s name, address and telephone number, and the designated areas of practice. — In- the categorical listing the designated area of practice shall be listed alphabetically and a listing of attorneys thereunder shall state only tho lawyer’s name, address- and telephone number.
(b) (el No law firm may designate an area of practice for the firm, but membership in a firm does not impair an individual member’s eligibility to designate areas of practice in accordance with this article. Except- for the firm listing in the telephone directory, a law firm may show next to tho name of any firm members their permitted areas of practice.
Section 8. EFFECT OF DESIGNATION RULE. Nothing in this article precludes any member from practicing in any area of practice regardless of whether he has designated it or any other area under this article.
Section 9. DURATION AND RENEWAL.
(a) A member’s rights to designate one or more areas of practice shall continue for a term of three years from the date of the letter of permission issued under Section 6 or subsection (d) of this section.
(b) A member shall be eligible to renew his right to designate an area of practice only if during the preceding three-year period he has had substantial experience during the three years preceding the renewal application and he has devoted at least 30 hours, of which only a maximum of 20 hours may be accumulated for credit in any one of the preceding three years, to approved continuing legal education in each area for which renewal is sought. For good cause shown, the Board may waive all or any part of such requirement.
(c) A member who wishes to renew his right to designate areas of practice shall file an application for renewal with the Board at least 30 days before the permission expires. The application shall be on a form specified by the Board and shall state sufficient facts to establish that the mem *945 ber is eligible to renew. When the application is filed, the member shall pay a renewal fee in an amount to be established by the Board not exceeding $30. The amount of the renewal fee shall not be affected by the number of areas designated. The 30-day notice period may be waived by the Board for good cause shown.
(d) The Board shall promptly consider and act upon all applications for renewal in the same manner as provided in Section 6.
Section 10. CONTINUING LEGAL EDUCATION.
(a) Continuing legal education courses which are designed to enhance the proficiency of a designated attorney in a particular area of practice shall qualify as approved courses hereunder. The Board shall determine the number of hours credit to be given for each such course and the designated area entitled to credit for each course.
(b) On the application of any interested person, the Board shall make a determination of the qualification of, and credit to be allowed for, alternative courses or methods of legal education.
(c) From time to time the Board shall publish current lists of approved educational alternatives.
Section 11. PUBLIC NOTICE.
(a)The Florida Bar may cause a public notice to be promulgated where and when it deems necessary, including, for example, telephone directory yellow pages, in substantially the following form:
NOTICE
FOR THE GENERAL INFORMATION OF THE PUBLIC
ATTORNEYS LISTING ■ AREAS OF PRACTICE.I-N-THE YELLOW PAGES HAVE NOT BEEN CERTIF-IEB-6Y THE FLORIDA BAR AS HAVING AN-Y MORE COMPETENCE IN THESE AREAS THAN ANY OTHER ATTORNEY, MAY LIST THEIR AREAS OF PRACTICE IN THE YELLOW PAGES WITHOUT MEETING ANY SPECIFIC CRITERIA. ATTORNEYS ITSTNG (A SYMBOL! AFTER THEIR NAME OR AREAS OF PRACTICE HAVE MET MINIMUM EXPERIENCE AND EDUCATIONAL REQUIREMENTS UNDER THE FLORIDA DESIGNATION PLAN. HOWEVER. NO ATTORNEY HAS BEEN CERTIFIED BY THE FLORIDA BAR AS HAVING ANY MORE COMPETENCE IN THESE AREAS THAN ANY OTHER ATTORNEY.
ALL PERSONS ARE URGED TO MAKE THEIR OWN INDEPENDENT INVESTIGATION AND EVALUATION OF ANY ATTORNEY BEING CONSIDERED.
This notice published by The Florida Bar, Telephone A.C. 904/222-5286, Tallahassee, Florida 32301.
(b)The Florida Bar shall assume no liability to any persons whomsoever by reason of the adoption and implementation of the plan.
Section 12. ADMINISTRATION.
(a) The Board may delegate to a committee or to the staff personnel of The Florida Bar any or all of its administrative responsibilities arising under this article, but any member affected by an adverse decision from persons to whom such duties are delegated may appeal to the Board.
(b) Responsibilities which have been delegated to the staff of The Florida Bar are listed on Schedule B.
(c) The president of The Florida Bar, with the approval’ of the Board, shall appoint a standing committee to be known as the Designation Coordinating Committee, which shall be composed of twelve members, one of whom shall be the chairman of the CLE Committee of The Florida Bar and not more than two of whom shall be appointed from the roster of vice chairman of the CLE Committee of The Florida Bar. The president shall name one member of the Designation Coordinating Committee as the chairman. The Designation Coordinating Committee shall cooperate with and answer inquiries from the staff personnel pertaining to the Plan and shall investigate and make recommendations to the Board concerning all questions relating to the plan, including the following:
*946 (1) Approved education courses,
(2) Alternative education methods,
(3) Number of hours credit to be allowed for educational efforts,
(4) Educational standards for satisfactory completion of approved courses,
(5) Possible need for cooperation with colleges and universities,
(6) Additional areas of practice to be approved for designation,
(7) Possible modification or expansion of the plan,
(8) Adoption of additional standards pertaining to the plan,
(9) Amount of the application and renewal fees,
(10) General administration of the plan.
(d) Application and renewal fees paid by members will be deposited in a segregated account of The Florida Bar and used exclusively for purposes related to operations under this article.
(e) The Florida Bar shall maintain a list of all members who have filed applications for permission or applications for renewal, showing the date and disposition of each application acted upon.
(f) At least six months before the date on which a member’s permission to designate areas of práetice expires, The Florida Bar shall give the member notice by regular mail advising the member of the date on which permission expires, the required qualifications for renewal of eligibility, and the procedure for renewal.
Section 13. RIGHT OF REVIEW.
Any member adversely affected by an administrative ruling concerning this plan may petition the Board of Governors for relief. Any denial of relief by the Board can be reviewed by the court on the member’s petition within 30 days of notice of the Board’s action.
SCHEDULE A
Administrative and Governmental Law
Admiralty
Antitrust and Trade Regulation
Appellate Practice
Aviation Law
Bankruptcy
Collections
Corporation and Business Law
Criminal Law
Environmental Law
General Practice
Immigration and Naturalization
International Law
Labor Law
Marital and Family Law
Patent, Trademark and Copyright
Real Property Law
Securities
Taxation
Trial Practice — General
Trial Practice — Commercial
Trial Practice — Personal Injury and
Wrongful Death
Wills, Estates and Estate Planning
Workmen’s Workers’ Compensation
SCHEDULE B
1. Action under Section 6 on applications for permission filed by individual members provided the applications do not involve requests for waivers under subsections -(b) or — (e) of Section 4db) or (c).
2. Action under Section 9(c) on applications for renewal filed by individual members.
3. Issuance of letters of permission under Section 6 and Section 9(c).
4. Timely issuance and publication of all notices required under this article.
5. Maintenance of list of members required by section 12(e).
6. Maintenance and publication of lists of educational courses approved by the Board.